Evans AHSOGAEK, Appellant,

v.

STATE of Alaska, Appellee.

No. 6601.

Court of Appeals of Alaska.

Oct. 15, 1982.

G. Blair McCune, Asst. Public Defender, Fairbanks, and Dana Fabe, Public Defender, Anchorage, for appellant.

David C. Stewart, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, and Wilson L. Condon, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

COATS, Judge.

Evans Ahsogaek was charged with driving while intoxicated for driving with a

blood alcohol level of .10 percent or more, in violation of AS 28.35.030(a)(2). According to the complaint a breathalyzer examination showed that Ahsogaek had a blood alcohol level of .27 percent. Prior to trial the defendant asked the court for a protective order preventing the state from admitting into evidence the results of the breathalyzer examination. The defendant argued that the results of the breathalyzer test should be inadmissible because the records for the breathalyzer instrument showed that it had been calibrated at an interval of sixty-one days. 7 AAC 30.050 requires the breathalyzer to be calibrated at an interval "not to exceed sixty (60) days." Ahsogaek's breathalyzer test was administered on August 25, 1981. The instrument used to test Ahsogaek's breath was calibrated on July 6, 1981 and September 6, 1981. The trial court found that there had been substantial compliance with 7 AAC 30.050 and denied the defendant's motion for a protective order. The defendant subsequently entered a *Cooksey* plea. *Cooksey v. State,* 524 P.2d 1251 (Alaska 1974). The court found that the denial of the protective order was a dispositive issue.

We find that the trial court did not abuse its discretion in determining that there had been substantial compliance with 7 AAC 30.050. The court therefore did not err in denying the protective order.

■ AS 28.35.033(d) essentially establishes foundational requirements for the admission of breathalyzer test results. If the state can show that the regulations of the Department of Health and Social Services have been followed, then a sufficient foundation has been established and the breathalyzer test is admissible. If the state does not strictly comply with the regulations, then it can still show that it has substantially complied with the regulations in order to establish a sufficient foundation to admit the breathalyzer examination. *Oveson v. State,* 574 P.2d 801 (Alaska 1978); *Wester v. State,* 528 P.2d 1179, 1180–83 (Alaska 1974), *cert. denied,* 423 U.S. 836, 95 S.Ct. 60, 46 L.Ed.2d 54 (1975).

■ In the instant case the record contains the breathalyzer calibration reports for the machine in question. The reports on their face seem to reflect that the breathalyzer was properly operating on July 6, 1981 and on September 6, 1981. We believe that this documentary evidence is sufficient to establish substantial compliance with 7 AAC 30.050. The defendant has not presented any evidence to suggest that the breathalyzer was not working properly because it was calibrated one day late. Such evidence if it existed could have been presented in support of an argument that a sufficient foundation for admission of the breathalyzer results had not been shown.

We also emphasize that the question before both the trial court and this court concerned only foundation. Had the case gone to trial, the defendant would not have been precluded from arguing about the weight which the breathalyzer examination should be given by the jury.

The judgment is AFFIRMED.