**Gary L. HERTER, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–1134.**

Court of Appeals of Alaska.

Feb. 28, 1986.

Gary R. Letcher, Birch, Horton, Bittner, Pestinger & Anderson, Anchorage, for appellant.

Lisa B. Nelson, Asst. Atty. Gen., Crim. Div. Central Office, and Harold M. Brown, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

OPINION

BRYNER, Chief Judge.

Following a jury trial, Gary L. Herter was convicted of driving while intoxicated (DWI), in violation of AS 28.35.030. Herter appeals, arguing that the trial court erred in admitting the results of his Intoximeter

test. Alternatively, he argues that the court committed error in instructing the jury concerning the statutory presumption applicable to his breath test result. We affirm.

Prior to trial, Herter moved to suppress the evidence of his Intoximeter test results, arguing that the state had failed to comply with regulations governing Intoximeter testing. AS 28.35.033(d). At a hearing before Magistrate Joseph D. O'Connell, Herter established two violations. First, he showed that the operator who administered his test was not properly certified. 7 AAC 30.030; 7 AAC 30.035. Herter's Intoximeter test was performed by Officer Larry Block on May 5, 1985. Block had previously been certified to operate the Intoximeter, but his certificate expired on February 10, 1985, approximately three months before he tested Herter. Block's certificate was renewed on July 13, 1985, approximately two months after he tested Herter. Second, Herter established that the Intoximeter instrument he was tested on was not calibrated at sixty-day intervals, as required under 7 AAC 30.050. The instrument on which Herter was tested was calibrated on March 21, 1985, forty-five days prior to Herter's test. It was recalibrated twenty-three days after Herter's test, on May 28, 1985. Thus, a total of sixty-eight days elasped between the first and second calibration, but Herter's test occurred within the sixty-day period prescribed for recalibration.

In allowing Herter's Intoximeter test result (a score of .152) to be admitted into evidence, Magistrate O'Connell ruled that, despite its failure to comply strictly with applicable regulations, the state had established substantial compliance. The magistrate's ruling was based on the testimony of Officer Block and Trooper Van Gelder. Block testified that he had worked in law enforcement for approximately ten years and had performed between three hundred and four hundred DWI arrests. Block was certified to operate the Intoximeter and had used the machine continually since it was introduced in Alaska in May of 1983. In becoming certified, he took all courses necessary for certification. Block stated that, when he administered Herter's test, he was unaware that his certificate had expired in February of 1985. Block continued to operate the Intoximeter instrument throughout the period of his certificate's expiration. According to Block, no changes in procedure for operating the Intoximeter occurred during the period of expiration. Prior to renewal of his certificate, Block took a recertification examination and received a score of 97 per cent.

Trooper Van Gelder, who was responsible for performing maintenance on the Intoximeter instrument used in Herter's case, confirmed Block's testimony that no changes in testing procedures occurred between February and July of 1985. Van Gelder also testified concerning calibration of the machine. He stated that, while sixty days had been selected as the period for routine recalibration of the Intoximeter, that interval was unrelated to any specific function of the machine. According to Van Gelder, the instrument in the present case was checked on March 21 and May 28, 1985, and was accurate on both dates. No problems with the machine had been reported in the interim. Van Gelder concluded that the chances of any variance occurring in the accuracy of the machine between the sixtieth and sixty-eighth day after calibration were miniscule.

■ On appeal, Herter first contends that strict compliance with applicable regulations should be a prerequisite to admission of breath test results. Herter acknowledges that this court has previously excused a lack of strict compliance where substantial compliance has been shown. See, e.g., Thayer v. Anchorage, 686 P.2d 721 (Alaska App.1984); Ahsogaek v. State, 652 P.2d 505 (Alaska App.1982). He nevertheless argues that we should overrule these decisions.

We are unpersuaded by Herter's argument. In favoring a rule of substantial compliance and rejecting a requirement of strict compliance, our decisions have followed the position consistently taken by

the Alaska Supreme Court. *Cf. Oveson v. Anchorage*, 574 P.2d 801 (Alaska 1978) (affirming a DWI conviction based on a finding of substantial compliance); *Wester v. State*, 528 P.2d 1179 (Alaska 1974), *cert. denied*, 423 U.S. 836, 96 S.Ct. 60, 46 L.Ed.2d 54 (1975). Even assuming we were authorized to overrule these decisions, we find that Herter has advanced no sufficient reason to do so.

Herter next contends that substantial compliance was not established in this case. We disagree. The testimony of Officer Block and Trooper Van Gelder provide ample basis to support the conclusion that the absence of strict compliance had no appreciable effect on the accuracy of Herter's breath test result. Herter has neither alleged nor established any potential adverse effect that might have resulted under the circumstances. Neither of the two violations was knowing or deliberate, and both were subsequently remedied. Moreover, with respect to the recalibration date, there is good reason to question Herter's standing to raise the issue, since his test occurred within sixty days of the most recent calibration. *See Vaughn v. State*, 538 P.2d 1124 (Okla.Crim.App.1975); *State v. Kaser*, 15 Or.App. 411, 515 P.2d 1330 (1973). We conclude that the trial court did not err in finding substantial compliance.

Finally, Herter argues that the trial court committed error in giving the jury the standard instruction on presumptions arising from breath test results, as specified in AS 28.35.033(d). Herter urges us to hold that this instruction is appropriate only where strict compliance with applicable regulations is shown. We reject Herter's argument and conclude that an instruction on the statutory presumptions is appropriate regardless of whether admission of a breath test result is based on a finding of strict compliance or substantial compliance with applicable regulations. The jury is, of course, free to consider the absence of strict compliance in determining what weight, if any, to give to the statutory presumptions. Nothing in the instruction that was actually given in the present case precluded Herter's jury from evaluating the significance of the state's failure to comply strictly with applicable testing regulations.

The conviction is AFFIRMED.