**John Robert PATTON, Plaintiff–Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Defendant–Appellant.**

No. 55286.

Missouri Court of Appeals, Eastern District, Division One.

April 25, 1989.

William L. Webster, Atty. Gen., Jatha B. Sadowski, Sp. Asst. Atty. Gen., Jefferson City, for defendant-appellant.

Robert D. Blitz, Nelson L. Mitten, St. Louis, for plaintiff-respondent.

REINHARD, Judge.

Director of Revenue (Director) appeals from the trial court's order reinstating petitioner's driving privileges. We reverse and remand.

Petitioner was arrested for driving while intoxicated, and because his blood alcohol content exceeded .13 percent, his driving privileges were suspended. Following an administrative hearing sustaining the suspension, petitioner filed his petition for trial de novo. At trial, after the close of director's evidence, petitioner moved for a directed verdict based on the absence of evidence that his blood alcohol content exceeded .13 percent. The trial court sus-

tained the motion and reinstated petitioner's driving privileges.

■ Director's point on appeal is that the trial court erred in sustaining petitioner's objection to the admission of the results of the breath analysis. A prima facie foundation for the admission of breath analysis test results is made when the director introduces evidence that the test was administered 1) according to techniques and methods approved by the Division of Health, 2) by a person possessing a valid permit and 3) using equipment and devices approved by the division. *Jannett v. King,* 687 S.W.2d 252, 254 (Mo.App. 1985). "Introduction in evidence of a checklist and testimony that the procedures there defined were followed is a sufficient foundation to allow admission of the results in evidence." *State v. Bush,* 595 S.W.2d 386, 388 (Mo.App.1980).

■ At trial, the court took judicial notice of 19 C.S.R. 20–30.010—.070 relating to blood alcohol testing methods. The assistant supervisor for the Department of Justice Services testified that she administered a breath test to petitioner using an Alco-Analyzer 2000, in accordance with a checklist approved for that machine; she also testified she held a type III permit required for the performance of breath analysis tests. This evidence, under the foregoing authorities, was sufficient to make a prima facie foundation for admission.

Petitioner's objection to the admission of the test result, as well as his argument on appeal, is that the "Department of Health ha[s] not approved any methods and procedures for performing a breath analysis test using the Alco–Analyzer 2000." He bases this argument on 19 C.S.R. 20–30.060, titled "Operating Procedures for Breath Analyzers," which provides in pertinent part: "(2) When using Alco–Analyzer, Model 200, the procedures on the following form shall be performed and the form shall be completed." [1] The caption at the top of form 2 reads, "OPERATIONAL CHECKLIST: ALCO–ANALYZER 2000." The form is similar to the six forms corresponding to the other approved breath analysis machines.

Because the introductory sentence refers to the Alco–Analyzer "200" instead of "2000," petitioner contends there was no approved method for breath analysis using the Alco–Analyzer 2000. He relies on *State v. Peters,* 729 S.W.2d 243 (Mo.App. 1987).

*Peters* is readily distinguishable from the case at bar. In *Peters,* the court held that results of a blood analysis obtained using the gas chromatography method were inadmissible because the Department of Health had issued no regulations approving techniques for determining alcohol content from blood samples. Unlike the situation in *Peters,* the Department of Health had issued regulations governing breath analysis at the time of trial. The Alco–Analyzer 2000 was and continues to be an "approved breath analyzer." 19 C.S.R. 20–30.050. Operating procedures for the Alco–Analyzer 2000 are provided in 19 C.S.R. 20–30.060. When these regulations are read together, it is abundantly clear that the reference in the introductory sentence of 19 C.S.R. 20–30.060(2) was merely a typographical error and presented no bar to the admission of the test results.

Accordingly, the trial court's order reinstating petitioner's driving privileges is reversed, and the case is remanded for a new trial consistent with this opinion.

Reversed and remanded.

CRANDALL, P.J., and CRIST, J., concur.

---

1. An emergency amendment to this section effective July 1, 1988, corrected the model number, changing it from "200" to "2000."