Frank Henry MARSHALL, Petitioner,

v.

STATE of Alaska, Respondent.

No. S–13401.

Supreme Court of Alaska.

Aug. 20, 2010.

Rehearing Denied Sept. 10, 2010.

G. Blair McCune, Wasilla, for Petitioner.

Kenneth M. Rosenstein, Assistant Attorney General, Anchorage, and Daniel S. Sullivan, Attorney General, Juneau, for Respondent.

Before: CARPENETI, Chief Justice, FABE, WINFREE, and CHRISTEN, Justices.

*OPINION*

CARPENETI, Chief Justice.

## I. INTRODUCTION

In a criminal trial for misconduct involving a controlled substance, the defendant asserted the affirmative defense of entrapment and requested a hearing. The trial court denied the request because defendant had not submitted evidence supporting the elements of entrapment.

The question now before us is whether a trial court must hold a hearing on the affirmative defense of entrapment even when the defendant fails to submit evidence to support each element of the defense. Because the right against self-incrimination exempts a criminal defendant from any requirement of making an evidentiary showing, we hold that a trial court must provide a hearing on entrapment when the issue is raised by a defendant and the defendant requests a hearing.

Accordingly, we remand to the superior court for a hearing.

## II. FACTS AND PROCEEDINGS

### A. Facts

In May 2006 a jury convicted Frank Marshall on one count of second-degree misconduct involving a controlled substance. The conviction was for selling OxyContin pills to an undercover police officer on November 25, 2003.[1]

Two police informants, Robert Clossey and Margaret Purcell, participated in Marshall's drug sale. They had been arrested in April 2002 for selling OxyContin and were helping the police in exchange for favorable treatment.

According to Clossey, Marshall contacted Clossey November 24, 2003, because Marshall—who was allegedly homeless—had an OxyContin prescription and wanted to sell the pills. Clossey and the other informant, Purcell, took Marshall in, fed him, and let him stay with them. Although neither Clossey nor Purcell confirmed it, the defense's theory of the case was that the informants drove Marshall to the pharmacy to pick up his prescription. The next day, November 25, Clossey made arrangements with the police for the undercover sale.

To complete the sale, Clossey drove Marshall to a pre-arranged spot where the undercover officer walked up to Marshall, who sat in the vehicle's passenger side. Clossey negotiated the sale and then Marshall handed the pills to the undercover officer.

Upon driving away, Clossey and Marshall were pulled over and arrested. A search of the vehicle revealed prescription receipts in Marshall's name, an OxyContin pill on the passenger side floor, and $600 cash hidden in the springs of the passenger's seat cushion.

### B. Proceedings
#### 1. Superior Court

A grand jury indicted Marshall on three counts of misconduct involving a controlled substance as a result of the drug sale.

Marshall moved to dismiss the counts based on due process violations and the affirmative defense of entrapment. He included in the title of his motion the words "Request for Hearing," but did not further allude to a hearing in the body of his motion. Marshall's motion summarized Alaska's adoption of the "objective" entrapment defense and alleged that the OxyContin sale had been initiated and arranged by the informant, Clossey. Marshall also claimed that the pills could have been Clossey's, not his. The State's opposition pointed out that Marshall had no evidence supporting his claim that the pills belonged to Clossey.

The superior court dismissed one of the three counts against Marshall, but denied the rest of Marshall's motion to dismiss and request for a hearing. In its decision the court focused on whether the pills had been Clossey's or Marshall's, and found no evidence that they were Clossey's. Accordingly, since Marshall had not submitted evidence supporting his entrapment defense, the court denied the request for a hearing. After trial, a jury convicted Marshall on one count of misconduct involving a controlled substance in the second degree.

#### 2. Court of Appeals

Marshall appealed his conviction.[2] Regarding entrapment, the court of appeals focused on whether Clossey or Marshall had provided the pills—the same focus as the superior court.[3] The court noted that Marshall had the opportunity to present evidence, such as an affidavit, but did not do so.[4] The court of appeals affirmed Marshall's conviction, holding that pre-trial motions require a hearing only if the moving party has alleged specific facts supported by evidence.[5]

---

1. *See Marshall v. State of Alaska,* 198 P.3d 567, 569 (Alaska App.2008). The facts set out in this section are taken from the opinion of the court of appeals.

2. *See Marshall,* 198 P.3d at 567.

3. *Id.* at 571.

4. *See id.* at 567.

5. *Id.* at 573.

We granted Marshall's petition for hearing on a question: whether it was error to refuse to hold an evidentiary hearing on Marshall's affirmative defense of entrapment.

## III. STANDARD OF REVIEW

The interpretation of procedural rules is a legal question which we review de novo.[6] We also review de novo whether the defendant's assertion of an affirmative defense is sufficient to require the trier of fact to consider the defense.[7]

## IV. DISCUSSION

We must decide whether it was proper for the superior court to deny Marshall's request for a hearing on entrapment on the ground that Marshall did not submit evidence demonstrating that all elements of entrapment could be met. The superior court observed that Marshall could have met that evidentiary burden by submitting an affidavit attesting to the elements of entrapment.[8] We consider whether such a submission should be a prerequisite to obtaining a hearing on entrapment.

Article I, section 9, of the Alaska Constitution states: "No person shall be compelled in any criminal proceeding to be a witness against himself." In *Scott v. State*,[9] we interpreted this broadly, holding that it "prohibits extensive pretrial prosecutorial discovery in criminal proceedings."[10] Accordingly, defendants need only give notice of defenses they intend to rely on, and courts may not compel potentially incriminating testimony.[11] Based on this precedent, Alaska Criminal Rule 16(c)(5) requires defendants to disclose, at least ten days before trial, only their intent to rely on entrapment, and not further details.[12]

*Scott* is the foundational case addressing whether courts can require defendants to disclose, through discovery, information supporting a defense-in that case, the alibi defense.[13] Even though the ultimate burden of persuasion regarding the defense rests on the defendant, in *Scott* we held that it would violate Alaska's right against self-incrimination for a court to compel early production of potentially incriminating testimonial statements.[14] We were persuaded by the "historical and constitutionally guaranteed right of a defendant in a criminal case to remain completely silent, requiring the state to prove its case without any assistance of any kind from the defendant himself."[15] We were keenly aware that a defendant might assert an alibi as a last resort, only if the prosecution had made a particularly strong case at trial.[16] In such a case, compelling disclosure from the defendant early—before the defendant had firmly decided whether to assert the defense—would violate the defendant's right against self-incrimination.[17]

Both *Scott* and Criminal Rule 16(c)(5) bear on the present case. Here, without holding a hearing, the superior court denied Marshall's affirmative defense for failure to submit evidence showing that the drugs belonged to informant Clossey, not Marshall. Presumably this evidence would have been in the form of an affidavit by Marshall.[18] Such an affidavit would require Marshall to testify regarding aspects of the transaction, in violation of Article I, section 9, of the Alaska

6. *DeNardo v. ABC Inc. RVs Motorhomes*, 51 P.3d 919, 922 (Alaska 2002).

7. *State v. Garrison*, 171 P.3d 91, 94 (Alaska 2007).

8. *Marshall*, 198 P.3d at 571–72.

9. 519 P.2d 774 (Alaska 1974).

10. *Id.* at 785.

11. *Id.* at 785–87.

12. *See* Minutes, Criminal Rules Committee 1 (Nov. 21, 1994) (drafting Criminal Rule 16(c)(5) to comport with *Scott*).

13. *Scott*, 519 P.2d at 776.

14. *Id.* at 785.

15. *Id.* at 781–82 (citing *Williams v. Florida*, 399 U.S. 78, 107–08, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970) (Black, J., dissenting)).

16. *Id.* at 783–86.

17. *Id.*

18. *Marshall v. State of Alaska*, 198 P.3d 567, 571–72 (Alaska App.2008).

Constitution, and would exceed the minimum disclosure required by Criminal Rule 16(c)(5). This is precisely the type of disclosure we prohibited in *Scott*, because it would require the defendant to testify in a situation where he otherwise could exert his right not to testify. At a hearing, Marshall might establish entrapment by employing methods besides his own testimony.

■ Accordingly, if trial courts required defendants to produce evidence of each element of a defense before granting a hearing, the result would potentially violate the defendant's constitutional right to avoid compelled testimony by requiring more extensive disclosure than the Alaska Constitution allows.[19] Additionally, Criminal Rule 16(c)(5) protects defendants against compelled self-incrimination by requiring them to disclose, in advance of trial, only notice of their intent to rely on the affirmative defense of entrapment, and not additional evidence. We therefore hold that a defendant need only give notice of his or her intent to rely on entrapment, but need not produce evidence supporting the defense before receiving a hearing.

We are not persuaded otherwise by the appellate court's citation to *Adams v. State*[20] and *Davis v. State.*[21] The court of appeals relied on those cases to show that pretrial motions require a hearing only if the moving party has alleged specific facts supported by affidavits or other documentation.[22] But both cases predate Criminal Rule 16(c)(5).[23] Also, both cases rely on Alaska Civil Rule 77, which states that evidence must be attached to a pre-trial motion.[24] However, Criminal Rule 42 now governs that issue in the criminal context, and does *not* require the attachment of affidavits, as does Civil Rule 77.[25]

Thus, we are unpersuaded that *Adams* and *Davis* trump the protections of Criminal Rule 16(c)(5).

Finally, we note that Marshall's case was taken off-track by a mistaken focus on whose OxyContin pills were exchanged. Although one sentence in Marshall's request for a hearing asserted that the pills might have belonged to the informant, the request otherwise provided specific allegations of extensive government involvement in the sale, including the allegations that the government informants took Marshall in, providing food and a place to stay; took him to the pharmacy to help him fill his prescription; arranged the sale; drove Marshall to the sale; and conducted all negotiations with the undercover police during the sale. Because entrapment exists when the police use "fundamentally unfair or dishonorable practices" inducing someone to commit a crime,[26] these facts could support an entrapment defense. Examples of prohibited conduct include "extreme pleas of desperate illness, appeals based primarily on sympathy, pity, or close personal friendship, and offers of inordinate sums of money."[27] Thus, even were the pills undisputedly Marshall's, Marshall could possibly avail himself of the entrapment defense.

## V. CONCLUSION

Criminal Rule 16(c)(5) protects defendants against compelled self-incrimination by requiring them to disclose, in advance, only notice of their intent to rely on the affirmative defense of entrapment, and not additional evidence. Requiring criminal defendants to produce additional evidence of entrapment in order to obtain an evidentiary hearing on

19. *See* Alaska Const., art. I, § 9.

20. *Marshall*, 198 P.3d at 572 (citing *Adams v. State*, 704 P.2d 794, 796–97 (Alaska App.1985)).

21. *Id.* (citing *Davis v. State*, 766 P.2d 41, 43–45 (Alaska App.1988)).

22. *Id.*

23. *See* Alaska Supreme Court Order No. 1191 (February 21, 1995) (establishing Criminal Rule 16(c)(5)).

24. *Adams*, 704 P.2d at 797; *Davis* 766 P.2d at 43.

25. *Compare* Alaska R. Civ. P. 77(b)(1) (requiring documents, including affidavits, to be attached to motions), *with* Alaska R. Cr. P. 42(b)(1) (using almost identical language but omitting affidavits).

26. *Washington v. State*, 755 P.2d 401, 405 (Alaska App.1988).

27. *Grossman v. State*, 457 P.2d 226, 230 (Alaska 1969).

the matter would render the protections of Criminal Rule 16(c)(5) irrelevant, and would violate the Alaska Constitution's prohibition against self-incrimination.[28]  Accordingly, a criminal defendant need only give notice of his or her intention to rely on entrapment in order to receive a hearing on the matter. Because Marshall gave such notice, he should have received a hearing.  We REMAND the case to the superior court for proceedings consistent with this opinion.