**STATE of Alaska, Petitioner,**

v.

**Edwin J. SWENSON, Respondent.**

No. A–10732.

Court of Appeals of Alaska.

July 1, 2011.

As Corrected on Denial of Rehearing Aug. 2, 2011.

---

**26.** *Id.* at 802–03.

**27.** 216 P.3d 534, 546 (Alaska 2009).

**28.** *Id.* at 546–47 (citing *Paxton v. Gavlak,* 100 P.3d 7, 13 (Alaska 2004)).

Ann B. Black, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, for the Petitioner.

Frederick T. Slone, Kasmar and Slone, P.C., Anchorage, for the Respondent.

Before: COATS, Chief Judge, and MANNHEIMER and BOLGER, Judges.

## OPINION

COATS, Chief Judge.

Edwin J. Swenson is charged with felony driving under the influence.[1] On Swenson's motion, the superior court suppressed the evidence of Swenson's breath test result because the test was not administered on a breath test instrument that had been maintained in strict compliance with Department of Public Safety regulations. We granted the State's petition for review of that decision. We conclude that the State was entitled to a hearing to establish substantial compliance with the regulations, and that the superior court erred by granting the motion to suppress without a hearing.

*Why we conclude the superior court should have held a hearing*

Alaska Statute 28.35.033(d) defines the foundation that must be proved before breathalyzer results may be admitted into evidence.[2] That statute provides that "[t]o be considered valid ... the chemical analysis of [a] person's breath or blood shall have been performed according to methods approved by the Department of Public Safety."[3] If the State establishes that a breath test was performed in compliance with Department regulations, "there is a presumption that the test results are valid and further foundation for introduction of the evidence is unnecessary."[4]

The Department's regulations for administering breath tests and certifying and maintaining breath test instruments are set out in the Alaska Administrative Code.[5] Only one regulation is at issue in this case: the regulation requiring that the accuracy of the calibration of the breath test instrument be verified "[a]t intervals not to exceed 60 days."[6] That regulation provides that the certification of a breath test instrument "is valid for 60 days after the day the verification of calibration was performed."[7]

The State concedes that the police did not strictly comply with this regulation in Swenson's case. The calibration of the instrument used for Swenson's test was verified sixty-six days before his test—that is, six days after the instrument's last sixty-day certification expired—and again the day after Swenson's test. Based on this non-compliance, Superior Court Judge Michael L. Wolverton granted Swenson's motion to suppress the breath test result.

We conclude that the trial judge should have held a hearing before ruling on the motion to suppress. In a series of cases, the Alaska Supreme Court has held that the State is not required to show that the police strictly complied with regulations governing breath testing to establish a foundation for admission of a breath test result—a showing of substantial compliance will suffice.[8] In evaluating whether the State has demonstrated substantial compliance in a particular case, "the crucial concern is that the breathalyzer test be performed in a manner that assures accuracy according to the statutorily

1. AS 28.35.030(a), (n).

2. *Keel v. State*, 609 P.2d 555, 557 (Alaska 1980).

3. AS 28.35.033(d).

4. *Id.*

5. 13 AAC 63.

6. 13 AAC 63.100(c).

7. *Id.*

8. *Keel*, 609 P.2d at 558–59; *Oveson v. Anchorage*, 574 P.2d 801 (Alaska 1978); *Wester v. State*, 528 P.2d 1179, 1183–84 (Alaska 1974).

approved methods."[9] The court will not find substantial compliance if the state's deviation from the regulations casts doubt on the reliability of the breath test result.[10] Moreover, if the State does establish substantial compliance, the defendant can still seek exclusion of the breath test result by showing that the test's accuracy was in fact compromised by the violation.[11]

This court has found substantial compliance in cases in which the defendant's test was performed within sixty days of the last verification of calibration—that is, while the instrument's preceding sixty-day certification was still valid—but the verification of calibration that was performed *after* the defendant's test was late.[12] For instance, in *Herter v. State*,[13] we upheld admission of Herter's breath test result where the instrument's calibration was verified forty-five days before his test and again twenty-three days after his test (sixty-eight days after the previous verification of calibration).[14] We concluded the State had shown that the failure to verify the calibration of the instrument as required after Herter's test had no appreciable effect on the accuracy of his breath test result.[15] We also noted that Herter had not alleged or shown any potential adverse effect from this violation.[16]

We have never addressed the precise situation raised in Swenson's case, where a defendant's breath test is performed after the instrument's last sixty-day certification period has expired. But we see no reason why the substantial compliance doctrine would not also apply in this circumstance, if the State can show that the failure to strictly comply did not undermine the accuracy of the test.[17]

Swenson argues that his case is like *Keel v. State*,[18] where the supreme court held that the trial court erred in admitting the defendant's breath test result because the State failed to prove that the police substantially complied with the regulation requiring that the verification of calibration be performed by a qualified "instructor."[19] But Swenson's case stands in a different posture than *Keel*. In *Keel*, the trial court admitted the defendant's breath test result, over the defendant's specific objection, even though the State had not proved that the officer who verified the calibration of the breath test instrument was properly qualified under the regulation to do so.[20] Thus in *Keel* the State had the opportunity to demonstrate compliance with the regulation.[21]

In this case the issue was decided on the pleadings. When a defendant moves to suppress evidence, the court must hold a hearing if "verified pleadings or other documents filed by the defendant in support of a motion to suppress, when coupled with opposing pleadings and documents filed by the state, leave issues of fact to be decided."[22] As we have just explained, breath test results are admissible at trial even in the absence of strict compliance with Department regulations if the State can show substantial compliance with the regulations. A finding of substantial compliance hinges on whether the state's deviation from strict compliance affected the accuracy of the breath test result. In this case, the parties' pleadings raised a material dispute as to whether the

9. *Oveson*, 574 P.2d at 805.

10. *Keel*, 609 P.2d at 558.

11. *Oveson*, 574 P.2d at 805; *Wester*, 528 P.2d at 1184.

12. *Herter v. State*, 715 P.2d 274, 275–76 (Alaska App.1986); *Ahsogaek v. State*, 652 P.2d 505, 506 (Alaska App.1982).

13. 715 P.2d 274.

14. *Id.* at 275–76.

15. *Id.* at 276.

16. *Id.*

17. *See Oveson*, 574 P.2d at 805.

18. 609 P.2d 555.

19. *Id.* at 558.

20. *Id.*

21. *Id.* at 558–59 & n. 12.

22. *Davis v. State*, 766 P.2d 41, 43–44 (Alaska App.1988), *superseded on other grounds by* Alaska R.Crim. P. 16(c)(5), *as recognized in Marshall v. State*, 238 P.3d 590, 593 (Alaska 2010).

deviation from the specified procedures for maintaining the instrument used for Swenson's test cast doubt on the accuracy of the breath test result. We conclude that the superior court should have held a hearing to resolve this disputed question of fact.

*Conclusion*

We REVERSE the superior court's decision granting Swenson's motion to suppress.

### ORDER

Edwin Swenson is charged with felony driving under the influence. The superior court suppressed the evidence of Swenson's breath test result because the Datamaster machine that was used to test Swenson's breath was not maintained in strict compliance with Department of Public Safety regulations. The State Petitioned this Court for review of that decision.

We granted review and remanded the case to the superior court for an evidentiary hearing. We concluded that the parties' superior court pleadings raised a material dispute of fact: whether the State's admitted deviation from the maintenance procedures prescribed in the regulations cast actual doubt on the accuracy of Swenson's breath test result. In other words, we concluded (1) that the superior court could not properly resolve this "substantial compliance" issue solely from the information presented in the parties' pleadings, and (2) that is was therefore error for the superior court rule on the suppression issue (one way or the other) without holding a hearing to determine whether the State's deviation from the prescribed procedures either did or did not cast doubt on the results of Swenson's test results.

Swenson has now petitioned for rehearing of our decision. In his petition, Swenson argues that the State either waived or forfeited its right to an evidentiary hearing, both by failing to seek one in the superior court and by failing to argue on appeal that the superior court should have held a hearing.

We recognize that both parties told the superior court that they believed the admissibility of Swenson's breath test result could be resolved, as a matter of law, based on the information contained in the parties' pleadings. The parties maintained that same position in their briefs to this Court. But as we explained in our decision (*State v. Swenson*, Alaska App. Opinion No. 2317 (July 1, 2011)), the question of whether the State substantially complied with the breath test regulations cannot be resolved on the pleadings alone. Therefore, as a matter of law, the current record fails to show that Swenson is entitled to suppression of his breath test result.

If the superior court had recognized that the allegations in the pleadings were insufficient, by themselves, to resolve the issue of substantial compliance, and if the superior court had offered the State an opportunity for an evidentiary hearing to resolve this issue, and if the State had declined that opportunity, then we would agree with Swenson that the State waived its right to a hearing. But the State did not waive or forfeit that right by arguing, incorrectly, that the issue of substantial compliance could be decided without a hearing.

Accordingly, Swenson's petition for rehearing is DENIED.